# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DERRICK A. GORDON,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:18cv113-WS/CAS**

**K. MAY, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this case in late February 2018. ECF No. 1. It took until May 29, 2018, to grant Plaintiff's in forma pauperis motion, ECF Nos. 6-7, and because Plaintiff was not required to pay an initial partial filing fee, his complaint, ECF No. 1, was reviewed. ECF No. 8. After review, Plaintiff was ordered to file an amended complaint and the deficiencies with his original complaint, ECF No. 1, were explained to him. ECF No. 8.

That Order, ECF No. 8, was entered on May 29, 2018, giving Plaintiff until June 29, 2018, to file an amended complaint. However, on June 11, 2018, Plaintiff filed a notice of change of address, ECF No. 9, and a motion

requesting the appointment of counsel, ECF No. 10. In light of the change of address, another Order was entered on June 21, 2018, directing that Plaintiff be provided a copy of the most recent orders entered in this case, that he be provided with another complaint form, and he was given an extension of time in which to file the amended complaint. ECF No. 11.

On July 23, 2018, that last Order, ECF No. 11, was returned to the Court as undeliverable. ECF No. 12. Thus Plaintiff has not received the Order granting him an extension of time and advising him of his new deadline (July 20, 2018) in which to file the amended complaint. ECF No. 11. In a separate Order entered this day, Plaintiff has been given an extension of time in which to file an amended complaint, and the prior Orders are being sent to Plaintiff.

Notwithstanding, Plaintiff submitted a "motion for an order to show cause for a preliminary injunction and a temporary restraining order" at the time of case initiation. ECF No. 2. Plaintiff requested that Defendants be required to show cause why a preliminary injunction should not be issued. *Id.* There is no reason to delay entering a ruling on that motion.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson–Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983). To be entitled to a preliminary injunction, a plaintiff must demonstrate all four prerequisites. <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>Jefferson Cnty.</u>, 720 F.2d at 1519 (citing <u>Canal Auth. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974)).

As noted above, Plaintiff's original complaint, ECF No. 1, was found to be insufficient and he was directed to file an amended complaint. In

particular, Plaintiff did not clearly support his claims for loss of property or his due process claim.  His retaliation claim was insufficient because it was conclusory and Plaintiff did not explain how the named Defendants were aware of any prior grievances he filed.  Moreover, Plaintiff was found guilty of the disciplinary charge and, thus, his retaliation claim could not proceed.  Additionally, Plaintiff's claims against several of the Defendants are insufficient because Plaintiff is seeking to hold them liable on the basis of vicarious liability.  Thus, Plaintiff cannot show a substantial likelihood of success on the merits of his original complaint, and because Plaintiff has not yet filed an amended complaint, the merits of his amended complaint cannot be determined.[1]

Moreover, Plaintiff has not shown a substantial threat of irreparable injury.  "Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012)).  As relief in this action, Plaintiff

---

[1] Plaintiff's original complaint also attempted to bring numerous, separate claims against unrelated Defendants.  Plaintiff has been required to comply with Rule 18(a) and limit his claims to one basic incident or issue, or demonstrate why the claims against numerous Defendants and separate issues were related.  ECF No. 8.  Until Plaintiff submits the amended complaint, it is unknown which claims he will seek to litigate in this case.

seeks declaratory and injunctive relief, as well as compensatory damages. ECF No. 1 at 23. The availability of monetary damages means that Plaintiff has not shown irreparable injury. Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Thus, Plaintiff's motion for a preliminary injunction and temporary restraining order, ECF No. 2, should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 2, be **DENIED** and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2018.

 S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.