# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DERRICK A. GORDON,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:18cv113-WS/CAS**

**JULIE L. JONES,**

    **Defendant.**

_____/

## SECOND REPORT AND RECOMMENDATION[1]

The pro se Plaintiff has filed a second amended civil rights complaint. ECF No. 19. This version of Plaintiff's complaint has been reviewed to determine if it states a plausible claim against the Secretary of the Florida Department of Corrections as required by 28 U.S.C. § 1915A.

Plaintiff has generally alleged that he has submitted numerous grievances in which he complains about unsafe prison conditions and abuse by prison officials. ECF No. 19 at 7. Plaintiff contends that as a result, he has endured a "campaign of harassment" by staff. *Id.*

---

[1] The first Report and Recommendation, ECF No. 13, concerned Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 2. That motion was denied without objection. ECF Nos. 13, 18.

Specifically, Plaintiff contends that several officials at Apalachee Correctional Institution have "joined the campaign against the Plaintiff." *Id.* at 8. Plaintiff contends that the Defendant, Secretary Julie Jones, "is responsible for the overall operation of A.C.I., its agents, employees and all other persons acting in concert and participating with them." *Id.* at 9. He asserts that the Secretary is not enforcing state law and "has created an unsafe prison environment where insubordinates are committing constitutional violations and are going unpunished." *Id.*

Plaintiff raises an Eighth Amendment claim concerning unsafe living conditions and claims that A.C.I. is overcrowded. *Id.* at 10. He contends that his institution poses a risk to his health and is a result of the Defendant's failure to properly or adequately train and supervise prison personnel. *Id.*

First, Plaintiff's complaint presents legal conclusions unsupported by facts. That is not sufficient to state a claim. Because Plaintiff has not alleged any specific facts against the Secretary, his complaint cannot proceed.

Second, a prison official cannot be named as a Defendant in a civil rights case merely because she has supervisory authority over others.

Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Thus, merely naming the Secretary as a Defendant because that official is responsible for the safety of inmates, in general, does not state a viable claim for relief. There must be some causal connection between each defendant named and the injury allegedly sustained. Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995) (citing Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991), and Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). Plaintiff's complaint does not provide a connection.

    A supervisory official cannot be held liable for the actions or omissions of others. A supervisor can only "be held liable for the actions of his subordinates under § 1983 if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates

commit." Am. Fed'n of Labor v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011).  "A causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so," *id.,* or when "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).  In this case, Plaintiff has not alleged any facts which show a history of widespread abuse.  Plaintiff has not alleged facts which reveal that the Secretary has had knowledge of a particular unconstitutional situation and failed to correct it.  Plaintiff has not alleged that Defendant Jones promulgated a policy or other directive that resulted in any deprivation of his constitutional rights.  Because Plaintiff has not done so, he has not stated a plausible claim against the Defendant.

Plaintiff has already been provided several opportunities to submit a viable complaint.  *See* ECF Nos. 8, 11, and 17.  It does not appear that further opportunities would be beneficial.  This case should now be dismissed for failure to state a claim upon which relief can be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 19, be **DISMISSED** for

Case No. 4:18cv113-WS/CAS

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 14, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**